116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth B. QUANSAH, Jr., Plaintiff-Appellant,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant-Appelle.
 No. 96-15862.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.**
Decided June 9, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-94-20715-RMV; Ronald M. Whyte, District Judge, Presiding.
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth B. Quansah, Jr. appeals pro Se the district court's summary judgment in favor of International Business Machines Corporation ("IBM") in Quansah's employment discrimination claim brought pursuant to Title VII, 42 U.S.C. § 2000e-2(a)(1). Quansah alleged that IBM terminated him in retaliation for filing a race discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir.1994), and we affirm.
 
 
 3
 To establish a prima facie case of discriminatory retaliation, a plaintiff must demonstrate that (1) he engaged in an activity protected under Title VII; (2) his employer subjected him to an adverse employment action; and (3) there was a causal link between the protected activity and the employer's action. See id, at 891.
 
 
 4
 Here, Quansah failed to show that a causal link existed between the filing of his EEOC complaint and IBM's termination. IBM submitted declarations from the three employees who had supervised, evaluated, transferred or terminated Quansah during his six-month tenure at IBM as a supplemental employee. All three employees stated that they did not have any knowledge that Quansah had previously filed an EEOC complaint against IBM, and that they did not learn about this fact until after Quansah had filed this lawsuit. Quansah did not submit any evidence to contradict the employees' statements, nor did Quansah assert that he had informed any of his supervisors that he had previously filed an EEOC complaint. Because Quansah failed to show a causal link between his filing of the EEOC complaint and his termination, we agree with the district court that Quansah cannot establish a prima facie case of retaliation. See id.
 
 
 5
 Insofar as Quansah contends that the district court erred by granting summary judgment on his claim that IBM discriminated against him on the basis of race or national origin, this contention lacks merit. Because the position was temporary, Quansah cannot show that he was not extended despite his qualifications, or that the position remained open. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Accordingly, Quansah failed to make out a prima facie case of discrimination based upon race or national origin. See id.
 
 
 6
 To the extent Quansah contends he had a right to a jury trial, this contention lacks merit. The Seventh Amendment right to a jury trial does not preclude summary judgment where there is no genuine issue of material fact. See Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1077-78 n. 3. (9th Cir.1986). Because the district court entered summary judgment properly, Quansah's right to a jury trial was not violated. See id.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3